## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSEPH JAMES BISHOP,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-15-CA-335-LY** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 8). Petitioner, proceeding pro se, has paid the applicable filing fee for his application.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 33rd Judicial District Court of Burnet County, Texas.  Petitioner was convicted of burglary of a habitation with intent to commit a felony, to wit robbery.  On May 21, 2010, Petitioner was sentenced to life in prison.  Petitioner's conviction was affirmed on April 18, 2012. Bishop v. State, No. 03-10-00303-CR, 2012 WL 1403358 (Tex. App. – Austin 2012, pet. ref'd.).  The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on March 6, 2013 and denied rehearing on April 17, 2013.

Petitioner also challenged his conviction in a state application for habeas corpus relief filed on July 23, 2014.  The Texas Court of Criminal Appeals denied it without written order on April 15, 2015.  Ex parte Bishop, Appl. No. WR-82,053-01 at cover.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    Trial counsel refused to (a) fully and properly obtain and gain information that would have allowed him to properly prepare a legitimate defense to the allegations set forth in the indictment or request funds to hire an investigator; (b) request the court to enter findings of fact and conclusions of law on his motion to suppress; (c) request a limiting instruction regarding extraneous offenses; (d) request a lesser-included instruction on possession of stolen property; or (e) evaluate him to determine if he had sufficient mental health to meet the required culpability;

2.    Appellate counsel was terminally ill with cancer and, with deliberate indifference, callous disregard, and gross negligence, filed an Anders brief although the jury finding as to the deadly weapon and enhancements were contrary to the facts and law;

3.    The court of appeals did not provide him a full and complete copy of his trial records to prepare his brief after his appellate attorney filed an Anders brief; and

4.    His uncounseled interview was allowed to be entered as evidence over his objection, which referred to extraneous offense evidence with no probative value.

## II.   DISCUSSION AND ANALYSIS

### A.    Statute of Limitations

Respondent moves to dismiss Petitioner's application as time-barred.  Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on July 16, 2013, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").  Therefore, Petitioner had until July 16, 2014, to timely file his federal application.  Petitioner did not

execute his federal application for habeas corpus relief until April 23, 2015, after the limitations period had expired.

Petitioner's state application does not operate to toll the limitations period, because it was filed on July 23, 2014, after the limitations period had already expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).  Although Petitioner's state application for habeas corpus relief is signed on July 14, 2014, Respondent has provided unrefuted evidence that Petitioner did not use the prison mail system to mail his state application to the state court for filing. Accordingly, Petitioner's state application is considered filed as of July 23, 2014, after the limitations period had expired.

Petitioner appears to be asserting he is entitled to equitable tolling because a prison officer confiscated his legal papers before Petitioner filed his state application.  Petitioner complains the officer hindered, impeded, and denied "the recovery of the legal papes [sic]," because he refused to comply with written and posted rules, regulations, policies and procedures of serving confiscation papers on another offender and Petitioner.

The AEDPA's statute of limitations is subject to equitable tolling in proper cases.  See Holland v. Florida, 560 U.S. 631, 645 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted).  Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted).  The Fifth

Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson,

184 F.3d 398, 402 (5th Cir. 1999) (quoting <u>Rashidi v. America President Lines</u>, 96 F.3d 124, 128 (5th Cir. 1996)).

The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted. Petitioner fails to specify what legal documents were confiscated and the length of delay caused by the confiscation. Specifically, Petitioner fails to allege on what date his legal papers were confiscated and the date his papers were returned. Petitioner also fails to explain how the confiscation of unspecified legal papers delayed his filing of his application for habeas corpus relief. In addition, Petitioner has failed to show he pursued his rights diligently prior to the alleged confiscation of legal documents.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on September 28, 2015.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE